# Exhibit C

(ANx),DISCOVERY

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CIVIL DOCKET FOR CASE #: 8:13-cv-01114-JST-AN

| | |
|---|---|
| Nationstar Mortgage, LLC v. Truman Capital Advisors, LP | Date Filed: 07/25/2013 |
| Assigned to: Judge Josephine Staton Tucker | Jury Demand: None |
| Referred to: Magistrate Judge Arthur Nakazato | Nature of Suit: 190 Contract: Other |
| Cause: 28:2201 Constitutionality of State Statute(s) | Jurisdiction: Diversity |

**Plaintiff**

**Nationstar Mortgage, LLC**            represented by   **Erik Wayne Kemp**
*a limited liability company*                             Severson and Werson
                                                          One Embarcadero Center Suite 2600
                                                          San Francisco, CA 94111
                                                          415-398-3344
                                                          Fax: 415-956-0439
                                                          Email: ek@severson.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **John B Sullivan**
                                                          Severson and Werson APC
                                                          One Embarcadero Center Suite 2600
                                                          San Francisco, CA 94111
                                                          415-398-3344
                                                          Fax: 415-956-0439
                                                          Email: jbs@severson.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Mark D Lonergan**
                                                          Severson and Werson APC
                                                          One Embarcadero Center Suite 2600
                                                          San Francisco, CA 94111-3715
                                                          415-398-3344
                                                          Fax: 415-956-0439
                                                          Email: mdl@severson.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Truman Capital Advisors, LP**         represented by   **Mona Z Hanna**
*a limited partnership*                                  Michelman and Robinson LLP

17901 Von Karman Avenue 10th Floor
Irvine, CA 92614-6297
714-557-7990
Fax: 714-557-7991
Email: mhanna@mrllp.com
*LEAD ATTORNEY*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/25/2013 | 1 | COMPLAINT against Defendant Truman Capital Advisors, LP. (Filing fee $ 400 Paid)Filed by Plaintiff Nationstar Mortgage, LLC. (nbo) (dg). (Entered: 07/26/2013) |
| 07/25/2013 | 5 | 21 DAY Summons Issued re Complaint - (Discovery) 1 as to Defendant Truman Capital Advisors, LP. (nbo) (dg). (Entered: 07/26/2013) |
| 07/25/2013 | 2 | CERTIFICATE of Interested Parties filed by Plaintiff Nationstar Mortgage, LLC, identifying Corporate Parents Nationstar Sub1 LLC, Nationstar Sub 2 LLC, and Nationstar Mortgage Holdings, Inc for Nationstar Mortgage, LLC. (nbo) (nbo). (Entered: 07/26/2013) |
| 07/25/2013 | 3 | NOTICE TO COUNSEL re Magistrate Judge Direct Assignment Program. This case has been randomly assigned to Magistrate Judge Robert N. Block. (nbo) (Entered: 07/26/2013) |
| 07/29/2013 | 4 | PROOF OF SERVICE Executed by Plaintiff Nationstar Mortgage, LLC, upon Defendant Truman Capital Advisors, LP served on 7/26/2013, answer due 8/16/2013. Service of the Summons and Complaint were executed upon Agent for Service of Process, CT Corporation in compliance with statute not specified by personal service. Original Summons NOT returned. (Kemp, Erik) (Entered: 07/29/2013) |
| 08/15/2013 | 6 | NOTICE OF MOTION AND MOTION to Dismiss Complaint *; Memorandum of Points and Authorities in Support Thereof,* filed by Defendant Truman Capital Advisors, LP. (Attachments: # 1 Declaration of Robert Piliero in Support of Truman Capital Advisors, LP's Motion to Dismiss the Complaint and Exhibits 1 to 4, # 2 Proposed Order Granting Defendant's Motion to Dismiss the Complaint)(Hanna, Mona) (Entered: 08/15/2013) |
| 08/15/2013 | 7 | CERTIFICATE of Interested Parties filed by Defendant Truman Capital Advisors, LP, identifying Trucap Advisors, LLC, Savannah Capital, LLC, ET AL.. (Hanna, Mona) (Entered: 08/15/2013) |
| 08/15/2013 | 8 | STATEMENT of Non-Consent to Proceed Before A United States Magistrate Judge filed by Defendant Truman Capital Advisors, LP (Hanna, Mona) (Entered: 08/15/2013) |
| 08/19/2013 | 9 | NOTICE OF REASSIGNMENT of MJDAP case from Magistrate Judge Robert N. Block to Judge Josephine Staton Tucker for all further proceedings. Any discovery matters that may be referred to a Magistrate Judge are assigned to U.S. Magistrate Judge Arthur Nakazato. The case number will now reflect the initials of the transferee Judges SACV 13-01114 JST(ANx). (rn) (Entered: |

| | | 08/19/2013) |
|---|---|---|
| 08/21/2013 | 10 | INITIAL STANDING ORDER FOR CASES ASSIGNED TO JUDGE JOSEPHINE STATON TUCKER. (Guerrero, Terry) (Entered: 08/21/2013) |
| 08/21/2013 | 11 | ORDER SETTING SCHEDULING CONFERENCE by Judge Josephine Staton Tucker. Scheduling Conference is set for 11/1/2013 01:30 PM before Judge Josephine Staton Tucker. (Guerrero, Terry) (Entered: 08/21/2013) |
| 08/21/2013 | 12 | MINUTE ORDER IN CHAMBERS by Judge Josephine Staton Tucker: ORDER ON TRANSFER OF CASE. The hearing on defendant's Motion to Dismiss the Complaint (Doc. 6) is set for October 18, 2013, at 2:30 p.m. ( Motion set for hearing on 10/18/2013 at 02:30 PM before Judge Josephine Staton Tucker.) (twdb) (Entered: 08/21/2013) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/28/2013 07:17:29 | | |
| **PACER Login:** | bk0571 | **Client Code:** 1946.0012 patel |
| **Description:** | Docket Report | **Search Criteria:** 8:13-cv-01114-JST-AN End date: 8/28/2013 |
| **Billable Pages:** | 3 | **Cost:** 0.30 |

SANFORD L. MICHELMAN (SBN 179702)
(smichelman@mrllp.com)
**MICHELMAN & ROBINSON, LLP**
15760 Ventura Boulevard, 5th Floor
Encino, CA 91436
Telephone:  (818) 783-5530
Facsimile:   (818) 783-5507

MONA Z. HANNA (SBN 131439)
(mhanna@mrllp.com)
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Ave., 10th Fl
Irvine, CA 92614
Telephone:  (714) 557-7990
Facsimile:   (714) 557-7991

Attorneys for TRUMAN CAPITAL
ADVISORS, LP, a limited partnership

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, a limited liability company, | Case No. SACV13-01114 RNB |
| Plaintiff, | |
| vs. | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| TRUMAN CAPITAL ADVISORS, LP, a limited partnership, | |
| Defendant. | [Filed concurrently with Notice of Non-Consent to US Magistrate Judge; Declaration, Proposed Order and Certificate of Interested Parties] |

1

# **<u>TABLE OF CONTENTS</u>**

**<u>Pages</u>**

NOTICE OF MOTION ................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................2

I. INTRODUCTION ............................................................2

II. RELEVANT FACTS .........................................................3

   A. The Parties...............................................................3

      1. TCA ..............................................................3

      2. Nationstar .......................................................4

   B. The Underlying Dispute.................................................4

      1. Nationstar Auctions Residential Mortgage Loans....................4

      2. TCA Is The Winning Bidder ......................................4

      3. KIRP Objects to the Sale of Some of the Mortgage Loans..........5

      4. KIRP Commences Litigation In New York State Court .............5

      5. Despite the Absence of Any Legal Impediment, Nationstar Refuses to Sell TCA Any of the Mortgage Loans........................6

   C. TCA's Pre-Litigation Negotiations With Nationstar.............................6

   D. The Instant Lawsuit (the "California Action") .......................................6

   E. The Action by TCA against Nationstar In New York State Court ........7

III. STANDARD ON MOTION TO DISMISS ................................................7

IV. THIS COURT SHOULD DECLINE TO ENTERTAIN THIS DECLARATORY JUDGMENT ACTION ................................................8

   A. Plaintiff Needlessly Invokes Federal Jurisdiction To Determine State Law Claims ...............................................10

   B. This Action Was Filed For The Impermissible Purpose of Forum Shopping ...............................................11

   C. Allowing This Action To Proceed Would Create Duplicative Litigation ...............................................12

   D. Additional Factors ...............................................13

i

1.     Allowing This Action To Proceed Serves No Useful Purpose And Is Not Necessary To Terminate Uncertainty, Insecurity, And Controversy Surrounding The Parties' Relations ................................................................... 13

2.     New York is the Appropriate Forum for Litigation of the Claims Underlying this Dispute ................................................. 13

V.     CONCLUSION ................................................................................. 15

# TABLE OF AUTHORITIES

**Pages**

**States Cases**

*Astoria Fed. Sav. & Loan Ass'n v. Solimino*,
    501 U.S. 104, 111 S. Ct. 2166, 115 L.Ed.2d 96 (1991) ..................................8

*Berg v. MTC Elecs. Techs. Co.*,
    61 Cal. App. 4th 349, 357–360 (1998) ..........................................................14

*B&H Mfg. Co., Inc. v. Bright*,
    2002 WL 31820963 (Cal. App. 2002).............................................................14

*Bhasin v. Pathak*,
    EDCV 13-00293-VAP, 2013 WL 1871508 (C.D.Cal. May 3, 2013)...............8

*Brillhart v. Excess Ins. Co.*,
    316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942) ....................................9

*Century Sur. Co. v. J. Quinn Constr.*,
    No. CV 09-06085 DDP (JEMX), 2010 WL 330246
    (C.D.Cal. Jan. 20, 2010)................................................................................10

*Continental Cas. Co. v. Robsac Indus.*,
    947 F.2d 1367 (9th Cir. 1991).........................................................................9

*Cruz v. Beto*,
    405 U.S. 319, 92 S. Ct. 1079, 31 L.Ed.2d 263 (1972) ....................................7

*Decker Coal Co. v. Commonwealth Edison Co.*,
    805 F.2d 834 (9th Cir. 1986).........................................................................14

*Fed. Ins. Co. v. Newby*,
    No. C-12-5084, 2013 WL 1285140 (N.D. Cal. March 28, 2013)...................10

*Government Employees Ins. Co. v. Dizol*,
    133 F.3d 1220 (9th Cir. 1998)............................................................8,9,10,11

*Green v. Mansour*,
    474 U.S. 64 (1985) ..........................................................................................8

*Gribin v. Hammer Galleries*,
    793 F. Supp. 233 (C.D.Cal. 1992)...................................................................9

*Guerra v. Sutton*,
    783 F.2d 1371 (9th Cir. 1986).........................................................................8

*Haseko Homes, Inc. v. Underwriters Ins. Co.*,
    No. 09cv1613-L (AJB), 2010 WL 358531 (S.D.Cal. Jan. 22, 2010) .............12

*Hunt Wesson Foods, Inc. v. Supreme Oil Co.*,
    817 F.2d 75 (9th Cir. 1987) ..........................................................................14

iii

*Huth v. Hartford Ins. Co. of the Midwest,*
    298 F.3d 800 (9th Cir. 2002) ...................................................... 8, 9, 10, 11, 12

*Kent v. Daimlerchrysler Corp.,*
    200 F. Supp. 2d 1208 (N.D.Cal. 2002) ............................................................. 8

*Lee v. City of Los Angeles,*
    250 F.3d 668 (9th Cir. 2001) ........................................................................... 7

*Mack v. S. Bay Beer Distribs.,*
    798 F.2d 1279 (9th Cir. 1986) ......................................................................... 7

*Metro Servs. Group v. Granados,*
    Case No. 13-cv-01201-JCS, 2013 WL 3730680
    (N.D.Cal. July 15, 2013) ............................................................................. 9, 11

*Piper Aircraft Co. v. Reyno,*
    454 U.S. 235, 102 S. Ct. 252, 70 L.Ed.2d 419 (1981) .................................. 13

*Scheuer v. Rhodes,*
    416 U.S. 232, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974) ...................................... 7

*Shell Oil Co. v. Frusetta,*
    290 F.2d 689 (9th Cir. 1961) ......................................................................... 11

*Smith v. Lenches,*
    263 F.3d 972 (9th Cir. 2001) ......................................................................... 12

*Wilton v. Seven Falls Co.,*
    515 U.S. 277, 115 S. Ct. 2137, 132 L.Ed.2d 214 (1995) ................................. 9

## Statutes

28 U.S.C. § 2201 ......................................................................................... 3, 7

28 U.S.C. § 2201(a) ..................................................................................... 1, 8

## Rules

Fed. R. Civ. P. 12(b)(6) ............................................................................... 1, 8

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that Defendant TRUMAN CAPITAL ADVISORS, LP ("Defendant" or "TCA") will and hereby does move to dismiss Nationstar Mortgage, LLC's ("Plaintiff" or "Nationstar") Complaint for Declaratory Relief ("Complaint") [pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and] pursuant to the Court's broad discretion vested in the Declaratory Judgment Action, 28 U.S.C. § 2201(a).

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities and accompanying Declaration of Robert Piliero filed herewith, and on such evidence as may be presented at the hearing on the Motion.

DATED: August 15, 2013            **MICHELMAN & ROBINSON, LLP**

By:  _____/s/ Mona Z. Hanna_____
Sanford L. Michelman, Esq
Mona Z. Hanna, Esq.
Attorneys for TRUMAN CAPITAL
ADVISORS, LP

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    <u>INTRODUCTION</u>

Plaintiff Nationstar Mortgage, LLC ("Nationstar") commenced this declaratory judgment action on Thursday, July 25, 2013.  This was two days after it was notified that Truman Capital Advisors, L.P. ("TCA") intended to commence litigation against it in a New York State Court unless a reasonable settlement offer was forthcoming by Friday, July 26th.  TCA's notification was accompanied by a draft of the contemplated New York Complaint.

Instead of making any response to TCA, Nationstar engaged in precisely the kind of forum shopping that has been routinely disfavored in this Circuit:  It raced to this Courthouse and commenced this reactive declaratory judgment action.  TCA filed its action in the Supreme Court of the State of New York (the "New York Action") on Monday, July 29, 2013, which was the first business day after expiration of the deadline TCA had set for Nationstar to respond to its settlement overture and threat of litigation.  TCA's action was filed as a related action with a prior pending action against Nationstar arising out the same subject matter as TCA's claims.

The underlying dispute arises out of Nationstar's refusal to complete the sale of 538 Mortgage Loans that were among the many more that Nationstar had offered for sale at auction and as to which TCA had been declared the winning bidder for an agreed purchase price of approximately $150 million.  TCA claims that the parties' course of conduct and relevant documentary evidence establish that Nationstar had a legally binding obligation to sell the Mortgage Loans to TCA at the agreed price.  The Complaint in the New York Action[1] asserts claims for breach of contract or, in

---

[1]   A true and correct copy of the Complaint filed in the New York Action (the "NY Complaint" or "NY Compl."), on behalf of TCA, U.S. Bank National Association, in its representative capacities as Legal Title Trustee for the Truman 2012 Title Trust (the "Trust") and as Participation Agent, and the Trust is annexed as Exhibit 1 to the accompanying Declaration of Robert D. Piliero, dated August 15, 2013

(Continued…)

2

the alternative, promissory estoppel, and seeks damages in the approximate amount of $35 million to compensate TCA for the damages it has suffered as a result of Nationstar's conduct.

In the instant action,[2] Nationstar seeks a declaration of non-liability to TCA. No other relief is sought. For the reasons discussed below, we respectfully urge the Court to exercise the broad discretion it enjoys under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* to decline to exercise jurisdiction over this action, and to dismiss this action in deference to the New York State Court action.

## II. RELEVANT FACTS

### A. The Parties

#### 1. *TCA*

TCA is a limited partnership with its principal offices located in Armonk, New York. (Piliero Decl., Ex. 1, NY Compl. ¶ 3; *Id.*, Ex. 2, CA Compl. ¶ 4). TCA acts as an investment manager for institutional investors. (*Id.*, Ex. 1, NY Comp. ¶ 8). In furtherance of its duties as an investment manager, TCA caused to be created, and acts as Program Manager for, the Trust,[3] and acted as the agent of Truman 2012 SC2, LLC ("Depositor"). (*Id.*). In its capacity as Depositor's agent, TCA is charged with identifying potential investments in residential mortgage loans and real estate properties, providing research and analysis regarding such potential investments, advising on whether to purchase the potential investments, and negotiating and facilitating the purchase of any potential investments for which the decision is made to purchase. (*Id.*). Upon completion of the purchase, title to the

---

(...Continued)
("Piliero Decl.").

[2] A true and correct copy of the Complaint in this action (the "CA Complaint" or "CA Compl.") is annexed as Exhibit 2 to the Piliero Decl.

[3] The Trust and U.S. Bank National Association, in its capacity as Legal Title Trustee and as Participation Agent for the Trust, are Plaintiffs along with TCA in the New York Action against Nationstar.

3

1  residential mortgage loans and real estate owned properties are deposited into the
2  Trust.  (*Id.*).

3  ### 2. *Nationstar*

4  Nationstar is a limited liability company incorporated in the State of
5  Delaware, with its principal place of business located in Lewisville, Texas.  (*Id.,* Ex.
6  1, NY Compl. ¶ 6; *Id.,* Ex. 2, CA Compl. ¶ 3).  Nationstar is a Mortgage Banker
7  licensed by the New York Banking Department, and maintains offices located at
8  One State Street, New York, New York 10004.  (*Id.,* Ex. 1, NY Compl. ¶ 6).

9  Nationstar is a "mortgage servicer" with a nationwide scope of business.  (*Id.*,
10 Ex. 1, NY Compl. ¶ 6; *Id.,* Ex. 2, CA Compl. ¶ 6).  In the context of residential
11 mortgage loans, a mortgage servicer is a company that has full power and authority,
12 acting alone or through sub-servicers, to take any and all actions deemed necessary
13 or appropriate in connection with the administration of mortgage loans covered by a
14 Master Servicing Agreement.  (*Id.,* Ex. 1, NY Compl. ¶ 6).  Upon information and
15 belief, Nationstar currently services nearly 650,000 mortgages with an aggregate
16 unpaid principal balance of more than $100 billion.  (*Id.*).

17 ### B. **The Underlying Dispute**

18 #### 1. *Nationstar Auctions Residential Mortgage Loans*

19 In or about January 2013, Nationstar engaged Auction.com, a provider of
20 online real estate auction services, as its exclusive agent to sell by auction a large
21 number of non-performing residential mortgage loans.  On or about January 23,
22 2013, Auction.com published Reserve Auction Terms and Conditions ("Auction
23 Terms") governing that online auction.  (A true copy of the Auction Terms is
24 annexed as Exhibit 1 to the NY Compl. and as Exhibit A to the CA Compl., Exs. 1
25 and 2, respectively, to the Piliero Decl.).  (Piliero Decl., Ex. 1, NY Compl. ¶ 12; *Id.,*
26 Ex. 2, CA Compl. ¶ 7).

27 #### 2. *TCA Is The Winning Bidder*

28 It is undisputable that TCA participated in and was ultimately declared the

4

winning bidder with respect to 538 Mortgage Loans that Nationstar offered for sale at auction, and that TCA's bid of approximately $150 million was accepted by Nationstar, acting through its exclusive agent, Auction.com.  (*Id.*, Ex. 1, NY Compl. ¶¶ 26-35, 40-42).

### 3. *KIRP Objects to the Sale of Some of the Mortgage Loans*

Although unknown to TCA until after it conducted extensive due diligence relating to the Mortgage Loans offered by Nationstar, and after TCA participated in the auction and was declared the winning bidder as to 538 of the Mortgage Loans, Nationstar had received written notifications as early as February 5, 2013 and then again on March 4, 2013, about a challenge to the auction.  (*Id.*, Ex. 1, NY Compl. ¶¶ 21, 36).  Specifically, KIRP LLC ("KIRP") notified Nationstar that it objected to the sale of certain Mortgage Loans that Nationstar was offering for sale at auction as to which KIRP had a financial interest because they were  collateral for certificates it owned which had been issued for six residential mortgage-backed security trusts sponsored by Residential Accredit Loans, Inc (the "Challenged Mortgage Loans"). (*Id.*).

### 4. *KIRP Commences Litigation In New York State Court*

On March 7, 2013, KIRP commenced an action in the Supreme Court of the State of New York, County of New York[4] relating to the Challenged Mortgage Loans, which constitute a fraction of the mortgage loans at issue in the New York Action and in this declaratory judgment action.  (*Id.*, Ex. 1, NY Compl. ¶ 43).  KIRP sought and was granted a Temporary Restraining Order ("TRO") enjoining the sale of the Challenged Mortgage Loans.  (*Id.* at ¶ 44).  On April 22, 2013, upon the joint application of both KIRP and Nationstar, the Supreme Court dissolved the TRO. (*Id.* at ¶ 46).

---

[4]  A true and correct copy of the Complaint filed in the action styled *KIRP LLC v. NationStar Mortgage LLC*, Index No. 650794-13 (the "KIRP Complaint" or "KIRP Compl.") is annexed as Exhibit 3 to the Piliero Decl.

1  Nationstar did not challenge the New York Court as an appropriate forum for

2  resolution of the dispute relating to the auction of the Mortgage Loans.[5]

3      **5.**     *__Despite the Absence of Any Legal Impediment, Nationstar__*

4      *__Refuses to Sell TCA Any of the Mortgage Loans__*

5  Only about 20% of the Mortgage Loans that Nationstar had agreed to sell to

6  TCA are Challenged Mortgage Loans as to which KIRP had any claim and which

7  were ever subject to the TRO, which was subsequently dissolved in any event. (*Id.*

8  at ¶ 45). Nonetheless, on March 15, 2013, Auction.com notified TCA that

9  Nationstar had decided renege on its agreement to sell all the Mortgage Loans upon

10  which TCA had been the winning bidder. (*Id.*). Nationstar's refusal continues to

11  this day. (*Id.* at ¶ 49).

12  **C.**     **TCA's Pre-Litigation Negotiations With Nationstar**

13  By letter dated July 23, 2013, covering transmittal of a draft Complaint,

14  counsel for TCA advised Nationstar of its intention to commence litigation in the

15  Supreme Court of the State of New York unless Nationstar made a good-faith offer

16  of settlement by Friday, July 26, 2013. (Piliero Dec. ¶ 6).[6] Consistent with

17  counsel's representation in that letter, TCA deferred filing the action until that

18  deadline expired. (*Id.* ¶ 7).

19  **D.**     **The Instant Lawsuit (the "California Action")**

20  While counsel for TCA was waiting to hear from Nationstar as to whether a

21  settlement was feasible, Nationstar commenced this declaratory judgment action

22  against TCA on July 25, 2013 -- two days after receiving counsel's letter and the

23  draft Complaint, and one day prior to the date counsel indicated was the deadline for

24

25  [5] Indeed, Nationstar had contractually acknowledged the appropriateness of that

26  New York forum. (Piliero Decl., Ex. 3, KIRP Compl. ¶ 16).

27  [6] A true and correct copy of the July 23, 2013 letter from counsel for TCA, Robert
Piliero, to Nationstar, attaching TCA's draft complaint, is annexed as Exhibit 4 to

28  the Piliero Decl.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1  a response. (Piliero Dec. ¶ 8). The present declaratory action addresses the same

2  claims as those contained in TCA's draft complaint to Nationstar. (*Id*. at ¶ 9). No

3  additional claims are asserted.

### E.  The Action by TCA against Nationstar In New York State Court

5  In the absence of any communication from Nationstar, on Monday, July 29,

6  2013, the first business day following the Friday, July 26th deadline, TCA, along

7  with two other plaintiffs, U.S. Bank National Association (suing solely in its

8  representative capacity) and the Trust, commenced litigation against Nationstar in

9  the Supreme Court of the State of New York, County of New York. (*Id*. at ¶ 10).

10  The action was filed as a "related action" to the KIRP Action and was assigned to

11  the same judge, Justice Eileen Bransten, so that both matters could proceed

12  expeditiously and efficiently. (*Id*. at ¶ 11).

### III.  STANDARD ON MOTION TO DISMISS

14  Although the instant motion is addressed to the sound discretion of the Court

15  pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., it is relevant to

16  note the following guidelines to be followed on a motion to dismiss. The most

17  fundamental rule is that the Court must accept the allegations in the complaint as

18  true and draw all reasonable inferences in favor of the pleader. *Scheuer v. Rhodes*,

19  416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974); *Cruz v. Beto*, 405 U.S.

20  319, 92 S. Ct. 1079, 31 L.Ed.2d 263 (1972). However, that rule is of limited

21  applicability on this motion given the nature of the Complaint in this action is a

22  reactive declaratory judgment claim of non-liability.

23  More relevant is the rule that, although the court generally may not consider

24  material other than the facts alleged in the Complaint, reliance on matters of public

25  record is permissible. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.

26  2001) ("A court may take judicial notice of 'matters of public record' without

27  converting a motion to dismiss into a motion for summary judgment."); *Mack v. S.*

28  *Bay Beer Distribs*., 798 F.2d 1279, 1282 (9th Cir. 1986) (recognizing that matters of

7

1  public record can be relied upon when deciding a Rule 12(b) (6) motion), *abrogated*

2  *on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111

3  S. Ct. 2166, 115 L.Ed.2d 96 (1991).

4      Therefore, because TCA's and KIRP's New York State Court Complaints are

5  matters of public record, this Court may consider them in deciding this Motion.

6  *Bhasin v. Pathak*, EDCV 13-00293-VAP, 2013 WL 1871508 (C.D.Cal. May 3,

7  2013) ("A court may take judicial notice of court filings and other matters of public

8  record."); *see also Kent v. Daimlerchrysler Corp.*, 200 F. Supp. 2d 1208, 1219

9  (N.D.Cal. 2002) ("[A] legal memorandum filed in a state court action . . . is a public

10  record.").

11  **IV.  THIS COURT SHOULD DECLINE TO ENTERTAIN THIS**

12      **DECLARATORY JUDGMENT ACTION**

13      The Declaratory Judgment Act provides, in pertinent part, that in cases

14  "within its jurisdiction," a district court "may declare the rights and other legal

15  relations of any interested party seeking such declaration …." 28 U.S.C. § 2201(a).

16  A district court has substantial discretion in deciding whether to entertain a

17  declaratory judgment action, even if the action properly falls within the court's

18  jurisdiction. *Green v. Mansour*, 474 U.S. 64, 72 (1985) (The statute "is an enabling

19  Act, which confers a discretion on the courts rather than an absolute right upon the

20  litigant.") (internal citation omitted); *Huth v. Hartford Ins. Co. of the Midwest*, 298

21  F.3d 800, 802 (9th Cir. 2002); *Government Employees Ins. Co. v. Dizol,* 133 F.3d

22  1220, 1223 (9th Cir. 1998).  There is no presumption in favor of the district court

23  accepting jurisdiction under the Declaratory Judgment Action.  *See Huth*, 298 F.3d

24  at 804.

25      A court will ordinarily accept jurisdiction and ultimately grant declaratory

26  relief only where doing so:  (1) serves a useful purpose in clarifying the legal

27  relations at issue; or (2) terminates uncertainty, insecurity, and controversy

28  surrounding the parties' relations. *See Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th

8

1  Cir. 1986).

2  A district court ordinarily should not entertain a declaratory action, however,

3  "where another suit is pending in state court presenting the same issues, not

4  governed by federal law, between the same parties." *Gribin v. Hammer Galleries*,

5  793 F. Supp. 233, 234-235 (C.D.Cal. 1992) (*quoting Continental Cas. Co. v. Robsac*

6  *Indus.*, 947 F.2d 1367, 1370 (9th Cir. 1991)); *see also Metro Servs. Group v.*

7  *Granados*, Case No. 13-cv-01201-JCS, 2013 WL 3730680, *2 (N.D.Cal. July 15,

8  2013).  Although the pendency of a state court action does not, of itself, require a

9  district court to refuse federal declaratory relief, federal courts should generally

10  decline to entertain "reactive" declaratory actions. *See Huth*, 298 F.3d at 804 (citing

11  *Dizol*).

12  The fact that one party, Nationstar in this case, may have "won the race to the

13  courthouse by several days does not place it in a preferred position" in deciding

14  whether to exercise jurisdiction in a declaratory judgment action. *Huth*, 298 F.3d at

15  804 (relying on the decision in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-83, 115

16  S. Ct. 2137, 132 L.Ed.2d 214 (1995)).  Even in the absence of a pending state court

17  action, district courts still have the discretion to decline jurisdiction under the

18  Declaratory Judgment Act. *See Huth*, 298 F.3d at 802-803.  Indeed, Ninth Circuit

19  precedent counsels against federal courts exercising jurisdiction where the

20  declaratory judgment action is considered reactionary. *See Dizol*, 133 F.3d at 1225

21  ("federal courts should generally decline to entertain reactive declaratory actions").

22  According to the Supreme Court of the United States, a district court deciding

23  whether to entertain such "reactive" complaints should consider the following

24  factors:  (1) avoidance of needless determinations of state law; (2) discouraging

25  litigants from filing declaratory actions as a means of forum shopping; and (3)

26  avoidance of duplicative litigation. *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491,

27  62 S. Ct. 1173, 86 L. Ed. 1620 (1942); *Huth*, 298 F.3d at 803 (*citing Dizol*, 133 F.3d

28  at 1225); *Metro Servs. Group v. Granados*, Case No. 13-cv-01201-JCS, 2013 WL

1    3730680, *2 (N.D.Cal. July 15, 2013); *Century Sur. Co. v. J. Quinn Constr.*, No.

2    CV 09-06085 DDP (JEMX), 2010 WL 330246 (C.D.Cal. Jan. 20, 2010).

3           We respectfully submit that each of these factors, as well as certain additional

4    factors considered by other courts and discussed below, militate in favor of

5    dismissal of this reactive declaratory judgment action.

6    **A.**      **Plaintiff Needlessly Invokes Federal**

7               **Jurisdiction To Determine State Law Claims**

8           The relief requested in this declaratory judgment action is based solely on

9    state law claims of breach of contract and promissory estoppel. (Piliero Decl., Ex.

10   1, NY Compl. ¶¶ 51-58; *Id.*, Ex. 2, CA Comp. ¶¶ 20-24). There are no federal

11   claims. These state law claims can and should be decided in the pending New York

12   Action.[7] *See Huth,* 298 F.3d at 804 (affirming district court's holding that because

13   the federal and state actions involved the same purely state law issue, the state court

14   would be a preferable forum); *Fed. Ins. Co. v. Newby*, No. C-12-5084, 2013 WL

15   1285140, *3 (N.D. Cal. March 28, 2013) (holding that because state law issues

16   presented in federal declaratory judgment action can be resolved in pending state

17   case, the first factor in deciding whether to entertain declaratory judgment claim

18   weighs decidedly against the court's exercising of jurisdiction); *Century Sur. Co.,*

19   2010 WL 330246, **4-6 ("In sum, the Court concludes that abstention will avoid

20   'needless determination of state law issues'….") (*citing Dizol*, 133 F.3d at 1223).

21   _____

22   [7]  Although Section 6 of the Auction Terms selects California law as governing
     disputes that arise under it (Piliero Decl., Ex. 1, Auction Terms, § 6, ¶ 1), that

23   selection of governing law is not controlling because TCA does not assert a breach
     of the Auction Terms themselves. Rather, TCA alleges that Nationstar breached a

24   separate contract obligating it to sell the Mortgage Loans to TCA or, in the
     alternative, damages arising under a theory of promissory estoppel. (*Id.*, Ex. 1, NY

25   Compl. ¶¶ 51-58). For its part, Nationstar claims that no contract for the sale of the
     Mortgage Loans came into existence at all, or, if it did, it was "rescinded" by

26   Nationstar. (*Id.*, Ex. 2, CA Compl. ¶¶ 14, 15, 22). It is unclear, therefore whether
     the law of New York or California would govern resolution of these claims. In any

27   event, however, the New York State Court is certainly competent to apply California
     state law if it is deemed to be applicable.

28

1       "It is not the purpose of the Declaratory Judgment Act to allow disputes

2   arising in the course of a state court litigation to be argued in the federal courts

3   instead.  The object of the statute is to afford a new form of relief where needed, not

4   to furnish a new choice of tribunals or to draw into the federal courts the

5   adjudication of causes properly cognizable by courts of the states."  *Shell Oil Co. v.*

6   *Frusetta*, 290 F.2d 689, 692 (9th Cir. 1961).  This Court should not waste its

7   resources in deciding state court issues properly decided in a state court.

8       **B.**    **This Action Was Filed For The Impermissible Purpose**

9            **of Forum Shopping**

10      Nationstar's filing of the Complaint at bar is precisely the type of forum

11  shopping and reactionary filing that the Ninth Circuit has counseled district courts to

12  reject.  *See Huth*, 298 F.3d at 804; *Dizol*, 133 F.3d at 1225.

13      The District Court's decision in *Metro Servs. Group v. Granados*, Case No.

14  13-cv-01201-JCS, 2013 WL 3730680, *2 (N.D.Cal. July 15, 2013), offers a

15  particularly relevant example of proper application of this rule.  In that case, the

16  parties were engaged in pre-litigation discussions prior to the filing of the

17  declaratory judgment complaint, and defendant had contacted plaintiff via email to

18  see if it would accept service of the state court summons and complaint.  As such,

19  the court found that plaintiff knew of defendant's claims and that litigation was

20  imminent before it filed the declaratory judgment action.  In the course of

21  dismissing the complaint, the court held that "[w]hile this is true [that the

22  declaratory judgment action was filed before the state court action] in a narrow

23  chronological sense, the Court finds its overall significance unpersuasive." *Id.* at *5.

24  These are precisely the facts in this case.

25      As discussed above and in the accompanying Piliero Declaration, Nationstar

26  commenced this declaratory judgment action only after it had been notified by letter

27  (enclosing a copy of a draft Complaint) on July 23, 2013 of TCA's imminent

28  intention to commence an action in New York State Court, unless Nationstar made a

11

1   good-faith offer of settlement by Friday, July 26, 2013.  (Piliero Decl. ¶ 6).

2   Nationstar achieved first-filed status only because it raced to this Courthouse and

3   filed this reactive lawsuit on July 25, 2013, the day before the deadline imposed by

4   TCA was to expire.  (*Id*. at ¶ 8).

5        C.    **Allowing This Action To Proceed Would Create**

6              **Duplicative Litigation**

7        If this case proceeds, there is no question that it will create duplicative

8   litigation, because the claims in each of the actions are essentially the same.

9   However, the New York Action and the pending KIRP Action make clear that this

10  action is but a piece of a larger picture.  While the New York Action can resolve all

11  the claims involving all affected parties, this action cannot accomplish that, because

12  two of the plaintiffs in the New York Action are not parties to this action.  As such,

13  the New York Action is broader than this declaratory suit and would require further

14  litigation duplicative of this action.

15       Moreover, the New York Action and the KIRP Action have already been

16  assigned to the same Judge as related matters, which will avoid duplication and

17  conserve resources of the judicial system and the parties.  Continuance of this

18  litigation would frustrate that goal.  Where, as here, there is a state action pending

19  that encompasses all the claims in the declaratory judgment action, the third factor

20  of avoiding duplicative litigation weighs in favor of dismissing the federal action.

21  *See Haseko Homes, Inc. v. Underwriters Ins. Co*., No. 09cv1613-L (AJB), 2010 WL

22  358531 (S.D.Cal. Jan. 22, 2010) (declined jurisdiction over counterclaim for

23  declaratory relief because, for among other reasons, the claims in the pending state

24  court action encompassed the claims for declaratory relief and the court found that

25  "'the continuation of the federal case would result in duplicative litigation and a

26  waste of judicial resources.'") (*quoting Smith v. Lenches*, 263 F.3d 972, 978 (9th

27  Cir. 2001)).  *Cf., Huth*, 298 F.3d at 803-804 (court found that "avoiding duplicative

28  litigation" element favored neither party because the case would be disposed of

entirely either in state or federal court).

Accordingly, allowing this action to proceed would necessarily foster duplicative litigation on two coasts.

**D.** **Additional Factors**

**1.** ***Allowing This Action To Proceed Serves No Useful Purpose And Is Not Necessary To Terminate Uncertainty, Insecurity, And Controversy Surrounding The Parties' Relations***

*First,* this action serves no useful purpose, because as discussed above, it will only create unnecessary duplicative litigation and waste resources. Nationstar does not present questions about past, present or future conduct that the New York Action cannot resolve. Also, the arguments that Nationstar raises in this action could and should be raised as defenses and/or counterclaims in the New York Action.

*Second,* Nationstar did not and does not face the type of uncertainty that the Declaratory Judgment Act contemplates nor does it need this declaratory action to settle legal relations. Nationstar knew with certainty that TCA would file its suit in New York State Court in short order and, therefore, did not need the relief from the uncertainty engendered by a party who continually threatened litigation, but delayed bringing suit. The only "uncertainty" Nationstar faces is whether it will be held liable for its alleged misconduct. The New York Action will surely remove that uncertainty.

**2.** ***New York is the Appropriate Forum for Litigation of the Claims Underlying this Dispute***

Several other factors favor dismissal of this action:

(a) TCA is the true plaintiff in this dispute. Its choice of the Supreme Court of the State of New York, County of New York, as the forum for resolving that dispute is entitled to deference. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S. Ct. 252, 70 L.Ed.2d 419 (1981) ("[A] plaintiff's choice of forum should rarely be disturbed."). Defendants would need to make a "strong showing of

13

1    inconvenience to warrant upsetting the plaintiff's choice of forum."  *Decker Coal*

2    *Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  As confirmed

3    by the authorities discussed above, a plaintiff's choice of forum should not be

4    disturbed by the simple artifice of a race to the courthouse to file a purely reactive

5    declaratory judgment action.

6           (b)    Not only is New York the forum in which TCA resides (Piliero Decl.,

7    Ex. 2, CA Compl. ¶ 4), but Nationstar itself maintains an office and place of

8    business in New York, (*Id.*, Ex. 1, NY Compl. ¶ 6).   Further evidence that

9    Nationstar will suffer no hardship by litigating this particular dispute in New York

10   can be found in the fact that Nationstar has already contractually agreed to litigate

11   disputes in New York relating to the Mortgage Loans at issue in this case.  (*Id.*, Ex.

12   3, KIRP Compl. ¶ 16).[8]

13          (c)    There are two other parties to the NY Action that are not parties to this

14   action—the Trust that would have held the Mortgage Loans if Nationstar had not

15   reneged on its obligation to sell them to TCA, and U.S. Bank National Association,

16   _____

17   [8]  Paragraph 4 of Nationstar's Complaint invites the Court to conclude that the
     Auction Terms designate Orange County, California, as the sole proper forum for

18   resolution of this dispute.  That invitation should be declined because the claims at
     issue in neither this action nor the NY Action are based on the Auction Terms, and,

19   in any event, the forum-selection clause in the Auction Terms is permissive, not
     exclusive.  It provides, in relevant part:

20          By bidding in the Auction by the Internet, each Bidder shall be
            deemed to have irrevocably submitted to the courts of competent

21          jurisdiction in Orange County, California (including the federal
            courts) in connection with any suit, proceeding, or other legal process

22          relating to the Auction and/or the offering or sale of any Note.

23   (Piliero Decl., Ex. 1, Ex.1, Auction Terms at § 6, ¶ 1).  Under applicable California
     law, forum-selection clauses can be either permissive or mandatory.  Here, the

24   language is merely permissive because it does not provide for jurisdiction in
     California to the exclusion of all other jurisdictions.  *See B&H Mfg. Co., Inc. v.*

25   *Bright*, 2002 WL 31820963 (Cal. App. 2002) (unpublished); *Berg v. MTC Elecs.*
     *Techs. Co.*, 61 Cal. App. 4th 349, 357–360 (1998); *Hunt Wesson Foods, Inc. v.*

26   *Supreme Oil Co.*, 817 F.2d 75 (9th Cir. 1987).  Thus, this Court is not the exclusive
     forum for adjudication of claims relating to the auction.

27

28

in its representative capacities as Legal Title Trustee and Participation Agent for the Trust.

(d)     Litigation in New York will also facilitate the efficient administration of justice.  The New York Action commenced by TCA has already been assigned as a related matter to the KIRP Action, which arises out of the same conduct by Nationstar.  Dismissal of this declaratory judgment action will enable both disputes to be adjudicated by the same Judge, thus facilitating significant savings of time and resources for the courts and the parties.

**V.      CONCLUSION**

Pursuant to the broad discretion granted to this court under the Declaratory Judgment Act, we respectfully urge the Court to decline to exercise jurisdiction and to dismiss Nationstar's Complaint in this action.

DATED: August 15, 2013                    **MICHELMAN & ROBINSON, LLP**


By:    /s/ Mona Z. Hanna
        Sanford L. Michelman, Esq
        Mona Z. Hanna, Esq.
        Attorneys for TRUMAN CAPITAL ADVISORS, LP

15

# PROOF OF SERVICE
*NATIONSTAR MORTGAGE, LLC v. TRUMAN CAPITAL ADVISORS, LP*
**Case No. 13cv01114 RNB**

    I, the undersigned, declare under penalty of perjury that I am over the age of eighteen and not a party to the within action. I am employed in the County of Orange, State of California. My business address is 17901 Von Karman Ave., 10th Floor, Irvine, CA 92614.

    On August 15, 2013, I served the foregoing document(s) described as **DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on all interested parties in this action as follows:

Erik Wayne Kemp
John B. Sullivan
Mark D. Lonergan
**SEVERSON AND WERSON**
One Embarcadero Center Suite 2600
San Francisco, CA 94111
Tele: 415-398-3344
Fax: 415-956-0439
Email: ek@severson.com;
jbs@severson.com;
mdl@severson.com
*Attorneys for Plaintiff Nationstar Mortgage, LLC*

(X)  **BY CM/ECF** for parties that are CM/ECF participants. Service is being made electronically on those parties on the attached list that are registered users of the Court's Electronic Case Filing System.

(X)  **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 15, 2013 at Irvine, California.

*[S]*

_____
Mariam Tarzi

158144